**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

KIM E. AYVAZIAN
MASTER IN CHANCERY

CHANCERY COURTHOUSE
34 The Circle
GEORGETOWN, DELAWARE 19947
AND
LEONARD L. WILLIAMS JUSTICE CENTER
500 NORTH KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19980-3734

November 28, 2016

Steven Schwartz, Esquire
Schwartz & Schwartz
1140 South State Street
Dover, DE 19901

Mary Ann Collins
97 Gaelic Court
Magnolia, DE 19962

RE:   *Thomas E. Collins and Robert L. Collins v. Mary Ann Collins*
        C.A. No. 12357-MA

Dear Counsel and Ms. Collins:

I have reviewed the Motion to Dismiss Respondent's Counterclaim filed by

Petitioners Thomas E. Collins and Robert L. Collins in this partition matter.  For

the reasons that follow, I recommend that the Court grant the motion to dismiss.

On May 18, 2016, Petitioners filed a petition for partition of real property

located at 97 Gaelic Court, Magnolia, Delaware, which consists of a building lot

containing approximately 22,200 square feet improved by a single family house.

The real property had been owned by Mary Jane Collins (hereinafter "the

Decedent"), who died testate on September 21, 2010, survived by three children,

Petitioners and Respondent Mary Ann Collins. In her Last Will and Testament, the Decedent gave the residue of her estate to her three children in equal shares. The real property is now owned by the parties as tenants in common, each party owning an undivided one-third interest in the property. Respondent currently resides in the house located on the real property.

On July 8, 2016, Respondent filed her answer to the petition and a counterclaim. Although she does not dispute that physical partition of the property is impractical, Respondent disagrees with the appointment of a trustee to conduct a public auction, and claims that a private sale would be a better option after her brother Robert L. Collins first pays $57,000 that he allegedly owes to the Decedent's estate, and returns a gun collection that the Decedent allegedly gave to her grandson Edward L. Stein. Respondent also claims that she is owed unspecified property and money from Decedent's estate, and is planning on billing the estate for her services to her mother during her mother's final years.

Petitioners have moved to dismiss the counterclaim because: (a) it fails to state a claim on which relief can be granted, (b) Respondent lacks standing to assert claims of any debts allegedly owed to the estate or a gun collection allegedly belonging to Edward L. Stein, and (c) matters pertaining to the Estate of Mary Jane Collins are within the exclusive jurisdiction of the of the Williamson County, Texas Court at Law No. 4, where the Estate was administered. In turn,

Respondent argues that the counterclaim should not be dismissed because: (a) she has been suffering from the illegal actions of her brothers over the past six years, (b) her mother's estate should have been administered in Delaware, not Texas, and (c) she needs more time to (i) recover the estate property and money that was taken from her and to sue the personal representative, Thomas E. Collins, for recovery if needed, (ii) find and finance a new home for herself, (iii) repair and spruce up the Delaware real property so it can be listed at an optimum price, and (iv) wait for a qualified buyer.

Under 25 *Del. C.* § 721, whenever two or more persons hold land as tenants in common, any one or more of them may present a petition to the Court of Chancery requesting partition of the real estate among the parties entitled to such land. If partition in kind is not possible due to the small size of the real estate or is otherwise detrimental to the parties' interest, then the Court "shall make an order for the sale of the premises by a trustee appointed for that purpose, at public vendue, to the highest bidder…."[1] None of the numerous allegations in Respondent's counterclaim state a claim for relief from a partition proceeding and from the requirements of a trustee's sale by public auction. Furthermore, while this Court has subject matter jurisdiction over the real property at issue, it lacks

---

[1] 25 *Del. C.* § 729.

subject matter jurisdiction over the Estate of Mary Jane Collins,[2] which was administered in Texas where the Decedent's will was admitted to probate.[3] Accordingly, none of Respondent's complaints about the administration of her mother's estate or about any property or monies allegedly owed to the Estate of Mary Jane Collins or to any beneficiary of the Estate of Mary Jane Collins may be heard by this Court, and should be dismissed. An order appointing a trustee to conduct a partition sale of the real property should be issued as soon as this report becomes final.

For the reasons stated above, I recommend that Respondent's counterclaim be dismissed. I am waiving a draft report and issuing my recommendation as a final report. I refer the parties to Court of Chancery Rule 144 for the process of taking exception to a Master's Final Report.

Respectfully,

/s/ Kim E. Ayvazian

Kim E. Ayvazian
Master in Chancery

KEA/kekz

---

[2] *See Martelli v. Martelli*, 1983 WL 20292, at *2 (Del. Ch. April 14, 1983).
[3] *See* Exhibit B, Respondent's Appendix To: Opening Brief of Petitioners, Thomas E. Collins and Robert L. Collins, in Support of their Motion to Dismiss Counterclaim of Respondent, Mary Ann Collins.